UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-25296-CV-WILLIAMS

LUCIANO ZANELLO CASTILLO,

    Petitioner,

v.

FIELD OFFICE DIRECTOR OF ENFORCEMENT
AND REMOVAL OPERATIONS, MIAMI,
FIELD OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

    Respondents.
_____/

## ORDER

**THIS MATTER** is before the Court on Petitioner Luciano Zanello Castillo's ("***Petitioner***" or "***Mr. Castillo***") Petition for Writ of Habeas Corpus (DE 1) ("***Petition***"). Respondents filed a Return in Opposition (DE 4) ("***Response***"), and Petitioner filed a Reply (DE 5). For the reasons discussed below, Mr. Castillo's Petition (DE 1) is **GRANTED IN PART.**

    **I.**    **FACTUAL BACKGROUND**

Mr. Castillo is a Venezuelan citizen who has resided in the United States since December 2020. (DE 1 ¶¶ 15, 42). On October 2, 2025, Mr. Castillo was arrested while travelling in his work van, after the van was stopped for allegedly lacking a license plate on the trailer in tow. (*Id.* ¶ 43; DE 4-1 at 2). Mr. Castillo was not alleged to have committed any criminal offense, and he was not cited for any traffic or municipal code violation. (DE 1 ¶ 42). At the time of his arrest, Mr. Castillo held a valid driver's license and a valid work permit. (*Id.* ¶¶ 43–44 (citing DE 1-2; DE 1-3)). Despite this, Mr. Castillo was taken into custody of the United States Department of Homeland Security's ("***DHS***") Immigration

and Customs Enforcement ("**ICE**"). (*Id.* ¶ 44; DE 4-2 ¶ 10). Mr. Castillo was initially transferred to Florida Soft-Sided Facility South, before being transferred to the Miami Federal Detention Center ("**FDC**") at 33 NE 4th Street Miami, FL 33132, where he remains in custody. (DE 1-5 at 9; DE 4-4 (detention history)). On October 17, 2025, over two weeks after being taken into custody, ICE served Mr. Castillo with a Notice to Appear ("**NTA**"), charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) and commenced removal proceedings under 8 U.S.C. § 1229a. (DE 1 ¶ 44; DE 4 at 2; DE 4-2 ¶¶ 11–12; DE 4-5).

On October 24, 2025, Mr. Castillo appeared before an EOIR immigration judge ("IJ") for a bond hearing. (DE 1 ¶ 46; DE 4-2 ¶ 13; DE 4-8). The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that Mr. Castillo's detention is mandatory, and the court lacked jurisdiction over his detention status. (DE 1 ¶¶ 47–48; DE 4-2 ¶ 13; DE 4-8).

On November 13, 2025, Mr. Castillo filed this three-count Petition, essentially arguing that the IJ's decision "violates the plain language of the Immigration and Nationality Act [("**INA**")]." (DE 1 ¶ 5). Count I alleges a violation of the INA, claiming the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings. (*Id.* ¶ 51). Instead, noncitizens like him may be given a bond under § 1226(a). (*Id.* ¶¶ 5, 22–41, 51). On the same basis, Count II alleges a violation of the bond regulations promulgated pursuant to the INA. (*Id.* ¶¶ 53–56). Finally, in Count III, Mr. Castillo claims that his continued detention without a bond redetermination hearing to determine whether he is a flight risk or danger to the

community is a violation of Due Process. (*Id.* ¶¶ 57–60). He requests that the Court either require Respondents to release him or to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. (*Id.* at 20). Respondents say that "Petitioner is currently detained under 8 U.S.C. § 1225(b)(2)(A) and is therefore ineligible for release[.]" (DE 4 at 1).

## II.     LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

### A. *Judicial review of Petitioner's claims is not barred by 8 U.S.C. § 1252.*

Respondents first attempt "the 'throw spaghetti at the wall and see what sticks' approach," *Garcia v. Noem*, No. 2:25-cv-00879-SPC, 2025 WL 3041895, at *2 (M.D. Fla. Oct. 31, 2025), arguing the Court has been stripped of jurisdiction over Petitioner's claims by 8 U.S.C. §§ 1252(e)(3), (g), and (b)(9). (DE 4 at 3–6). Each argument fails.

Section 1252(e)(3) limits to the United States District Court for the District of Columbia judicial review of the constitutionality of section 1225(b) or any implementing regulation, or the legality of any implementing regulation, written policy directive, guideline, or procedure issue by the Attorney General. This provision addresses challenges to the "validity of the system". § 1252(e)(3); *see also Agarwal v. Lynch*, 610 F.

Supp. 3d 990, 994 (E.D. Mich. 2022) (describing § 1252(e)(3) as applying to "systemic challenges"). This subsection is inapplicable because "Petitioner does not raise any systemic challenges" but instead argues that § 1225(b) "do[es] not apply at all." *Rojano Gonzalez v. Sterling*, 1:25-CV-6080-MHC, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025) (rejecting § 1252(e)(3) argument in functionally identical case); *see also Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 3033769, at *6 (D. Mass. Oct. 30, 2025) ("Because § 1225(b)(2)(A) does not govern the detention of individuals in [plaintiff's] position in the first place, he is not seeking judicial review of the 'implementation' of §1225(b)."); *Mairena-Munguia v. Arnott*, --F. Supp. 3d--, 2025 WL 3229132, at *2 (W.D. Mo. Nov. 19, 2025) (rejecting identical § 1252(e)(3) argument because petitioner is "not challenging the lawfulness of any particular statute, regulation, or written policy or procedure"); *Boffill v. Field Off. Dir., Miami Field Off, Immigr. & Customs Enf't*, 25-cv-25179-JB, 2025 WL 3246868, at *2 (S.D. Fla. Nov. 20, 2025) (same, among other reasons); *Hernandez Duran v. Bernacke*, No. 2:25-cv-02105-RFB, 2025 WL 3237451, at *5 (D. Nev. Nov. 19, 2025) (finding § 1252(e)(3) inapplicable because it applies "only to challenges to expedited removal proceedings," the government's "internal 'policy' memo . . . does not constitute a 'written policy directive or written policy guideline,'" and respondent's suggested application would conflict with the Supreme Court's "directive that challenges by detained individuals that 'necessarily imply the invalidity of their confinement' 'must be brought in habeas' and therefore must be brought in the district of confinement'") (first citing *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1086 n. 10 (9th Cir. 2011); then quoting § 1252(e)(3); then quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)); *Barros v. Noem*, No. EP-25-cv-488-KC, 2025 WL 3154059, at *2–3 (W.D.

Tex. Nov. 10, 2025) (finding decisions like *Guerrero Orellana* persuasive, noting the government has provided no cases supporting their application of the provision, and rejecting the government's argument) (citations omitted).

Respondents' invocation of §§ 1252(g) and (b)(9) is also misplaced. Section 1252(g) strips courts' jurisdiction over "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" "The provision applies only to the three discrete actions the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) ("***A.A.D.C.***") (quoting § 1252(g)). Section "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, United States Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Similarly, § 1252(b)(9) limits "[j]udicial review of all questions . . ., including interpretation and application of constitutional and statutory provisions, arising from any action take or proceeding brought to remove a[ non-citizen] from the United States under th[at] subchapter." Like its "neighboring provision," § 1252(g), this language must be

construed narrowly, not to "sweep in any claim that can technically be said to 'arise from'" a removal proceeding. *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)

"Here, Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decision to commence or adjudicate his removal proceedings. Instead, Petitioner challenges his ongoing detention, which is not a claim barred by § 1252(g)." *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025). Likewise, when a petitioner argues that they are entitled to a bond determination under § 1226, they are "not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S.at 294–95; *see also Arnott*, --F. Supp. 3d--, 2025 WL 3229132, at *2 (when claiming petitioner is detained subject to § 1226 rather than § 1225, "[p]etitioner is not challenging any of the[] decisions or actions" carved out in § 1252(g) and (b)(9), "so [those] provisions do not deprive the [c]ourt of jurisdiction"); *Barros*, 2025 WL 3154059, at *3 (same); *Boffill*, 2025 WL 3246868, at *3–4 (same); *Orozco-Martinez v. Lynch*, No. 1:25-cv-1353, 2025 WL 3223786, at *2–3 (W.D. Mich. Nov. 19, 2025) (same); *J.A.M. v. Streeval*, No. 4:25-cv-342, 2025 WL 3050094, at *2 (M.D. Ga. Nov. 1, 2025) (same). Therefore, the Court has subject matter jurisdiction over Petitioner's claims.

   B.  ***Administrative exhaustion is not required because an appeal would be futile.***

Respondents next argue that the Court should dismiss the Petition because Petitioner did not seek review of the IJ's decision before the Bureau of Immigration Appeals ("**BIA**"). (DE 4 at 6). The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is

not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)))).

Petitioner suggests that continuing to pursue administrative relief would be futile given the BIA's recent decision in *Matter of Yajure Hurtado, 29 I&N Dec. 216* (B.I.A. 2025). (DE 5 at 5–7). In *Yajure Hurtado*, decided this past September, the BIA rejected the precise argument Petitioner raises here. 29 I&N Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings.").

Administrative "exhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Therefore, the Court agrees with Petitioner and the growing number of courts that have concluded that since the result of any "bond appeal to the BIA is nearly a foregone conclusion under [*Yajure Hurtado*], any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome North Serv. Processing* Ctr., 25-cv-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); *see also Boffill*, 2025 WL 3246868, at *4–5; *Jefry Josue Del Cid Del Cid and Marlon Letona Marroquin Marroquin v. Pamela Bondi*, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025); *Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 2809996, at *4 n.2 (D. Mass. Oct. 3, 2025); *Inlago Tocagon v. Moniz*, --F. Supp. 3d--, 2025 WL

2778023, at *2 (D. Mass. Sep. 29, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211, at *5 (D. Nev. Sep. 23, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sep. 17, 2025). The Court will continue to the Petition's merits.

### C. *Petitioner is being detained unlawfully because the IJ applied the incorrect statutory framework to his initial bond determination.*

Petitioner's claims hinge on the argument that because he had been present in the United States for years upon his apprehension by ICE, "his detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond," *Puga*, 2025 WL 2938369, at *3, not § 1225(b)(2), applicable to noncitizen "applicant[s] for admission" to the United States. § 1225(b)(2)(A).

Countless federal courts nationwide, including this one, have addressed this issue. Nearly every court[1] has arrived at the same answer: Petitioner is correct. The IJ and Respondents' interpretation of the INA "directly contravenes the statute, disregards decades of settled precedent," and is erroneous. *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292 (S.D. Fla. Oct. 10, 2025), ECF 41 at 10; *see also Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sep. 9, 2025) ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *see also Puga*, 2025 WL 2938369, at *3–6; *Merino*, 2025 WL 2941609,

---

[1] The Court is aware of only two courts that have sided with the government. *See Vargas Lopez v. Trump*, --F. Supp. 3d--, 2025 WL 2780351, at 7–9 (D. Neb. Sep. 30, 2025); *Chavez v. Noem*, --F. Supp. 3d.--, 2025 WL 2730228, at *4–5 (S.D. Cal. Sep. 24, 2025); *see also Elias v. Knight*, No. 1:25-cv-00594-BLW, 2025 WL 3228262, at *1 *n.2 (D. Idaho Nov. 19, 2025) (citing *Lopez* and *Chavez* as the "[o]nly two courts, as far as the [c]ourt is aware, [that] have sided with the government").

at *3; *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Harsh Patel v. Crowley*, No. 25-11180, 2025 U.S. Dist. LEXIS 209958, at *9–12 (N.D. Ill. Oct. 24, 2025); *Esquivel-Ipina v. Larose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, at *9–12 (C.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 U.S. Dist. LEXIS 209629, at *14–17 (W.D. Mich. Oct. 24, 2025); *Lopez v. Hyde*, 25-12680, 2025 U.S. Dist. LEXIS 209916, at *4–5 (D. Mass. Oct. 24, 2025); *Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2986316, at *3 (D. Me. Oct. 23, 2025); *Lomeu v. Soto*, 25-cv-16589, 2025 WL 2981296, at *7–8 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025); *Aparicio v. Noem*, 2025 U.S. Dist. LEXIS 208898, at *12–13 (D. Nev. Oct. 23, 2025); *Loa Caballero v. Baltazar,* No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Soto v. Soto,* No. 25-cv-16200, 2025 U.S. Dist. LEXIS 207818, at *16–19 (D.N.J. Oct. 22, 2025); *Garcia v. Noem*, 25-cv-02771, 2025 U.S. Dist. LEXIS 209286, at *10–15 (C.D. Cal. Oct. 22, 2025); *Aguiar v. Moniz*, No. 25-cv-12706, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); *Rivera v. Moniz*, 25-cv-12833, 2025 WL 2977900, at *1–2 (D. Mass. Oct. 22, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 U.S. Dist. LEXIS 207162, at *22 (E.D. Mich. Oct. 21, 2025); *Maldonado de Leon v. Baker*, No. 25-3084, 2025 WL 2968042, at *7 (D. Md. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 U.S. Dist. LEXIS 207165, at *12, 16–17 (E.D. Mich. Oct. 21, 2025); *Miguel v. Noem*, 25-11137, 2025 WL 2976480, at *6 (N.D. Ill. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729, at *2 (E.D. Va. Oct. 21, 2025); *Matheus Araujo DA Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025); *Barahona v. Hyde*, No. 25-cv-12551, 2025 U.S.

Dist. LEXIS 205964, at *4–5 (D. Mass. Oct. 20, 2025); *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610, at *4–6 (N.D. Ill. Oct. 20, 2025); *Gonzalez v. Hyde*, No. 25-8250, 2025 U.S. Dist. LEXIS 208578, at *10–11 (S.D.N.Y. Oct. 19, 2025); *Polo v. Chestnut*, No. 25-cv-01342, 2025 WL 2959346, at *11 (E.D. Cal. Oct. 17, 2025); *Sanchez v. Minga Wofford, Warden, Mesa Verde Immigr. Processing Ctr.*, No. 25-cv-01187, 2025 WL 2959274, at *3 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Juan Baltasar, Warden, Denver Cont. Det. Facility*, No. 25-cv-2720, 2025 U.S. Dist. LEXIS 208448, at *12–27 (D. Colo. Oct. 17, 2025); *Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *4–6 (W.D. Mich. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879, at *1 (D. Mass. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, 25-cv-13056, 2025 WL 2978529, at *6–9 (E.D. Mich. Oct. 17, 2025); *Diaz Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517, at *6–9 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL 2952796, at *6–8 (E.D. Mich. Oct. 17, 2025); *Ochoa v. Noem*, No. 25-10865, 2025 WL 2938779, at *4–6 (N.D. Ill. Oct. 16, 2025); *Castillo v. Crawford*, No. 25-cv-01565, 2025 WL 2940702, at *2 (E.D. Va. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298, at *3 (D. Me. Oct. 16, 2025); *Tut v. Noem*, No. 25-cv-02701, 2025 U.S. Dist. LEXIS 204616, at *9 (C.D. Cal. Oct. 16, 2025); *Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *8 (N.D. Cal. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950184, at *2–3 (E.D. Va. Oct. 15, 2025); *Singh v. Lyons*, 25-cv-01606, 2025 WL 2932635, at *2–3 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, 25-cv-02027, 2025 WL 2896348, at *7–9 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 U.S. Dist. LEXIS 206547, at *21 (D. Haw. Oct. 10, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526, at *5 (N.D. Cal. Oct. 9, 2025); *Donis v. Chestnut*, No. 25-01228, 2025

WL 287514, at *11 (E.D. Cal. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *3 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025); *Gonzalez v. Bostock*, 25-cv-01404, 2025 WL 2841574, at *3–4 (W.D. Wash. Oct. 7, 2025); *Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *12 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-5208, 2025 WL 2829434, at *7 (E.D.N.Y. Oct. 5, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07826, 2025 WL 2822876, at *15 (N.D. Cal. Oct. 3, 2025); *Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025); *Silva v. United States Immigr. & Customs Enf't*, No. 25-cv-284, 2025 U.S. Dist. LEXIS 191101, at *6–7 (D.N.H. Sep. 29, 2025); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *10 (D. Me. Sep. 29, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-00437, 25-cv-00438, 25-cv-00439, 2025 WL 2688541, at *6–9 (D. Me. Sep. 22, 2025); *Barrera v Tindall*, No. 25-cv-541, 2025 WL 2690565, at *5 (W.D. Ky. Sep. 19, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *6–8 (N.D. Cal. Sep. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Lopez Santos v. Noem*, No. 3:25-cv-01193, 2025 WL 2642278, at *3–5 (W.D. La. Sep. 11, 2025); *Jimenez v. FCI Berlin*, No. 25-cv-326, 2025 WL 2639390, at *5–10 (D.N.H. Sep. 8, 2025); *Doe v. Moniz*, 25-cv-12094, 2025 WL 2576819, at *5 (D. Mass. Sep. 5, 2025); *Garcia v. Noem*, No. 25-

cv-01180, 2025 WL 2549431, at *5–7 (S.D. Cal. Sep. 3, 2025); *Francisco v. Bondi*, No. 25-cv-03219, 2025 WL 2629839, at *2–4 (D. Minn. Aug. 29, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *5–8 (E.D. Mich. Aug. 29, 2025); *Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610, at *3 (D. Mass. Aug. 27, 2025); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Benitez v. Noem*, No. 25-cv-02190, 2025 U.S. Dist. LEXIS 171945, at *8–12 (C.D. Cal. Aug. 25, 2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *11–13 (D. Mass. Aug. 19, 2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *11–12 (D. Minn. Aug. 15, 2025); *dos Santos v. Noem*, 25-cv-12052, 2025 WL 2370988, at *6–8 (D. Mass. Aug. 14, 2025); *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4–9 (S.D.N.Y. Aug. 13, 2025); *Rosado v. Figueroa*, No. 25-12157, 2025 WL 2337099, at *6–11 (D. Ariz. Aug. 11, 2025) *report and recommendation adopted by*, 2025 WL 2349133 (Aug. 13, 2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 U.S. Dist. LEXIS 171364, at *13–16 (C.D. Cal. July 28, 2025); *Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238, at *5–9 (D. Mass. July 24, 2025); *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *5–8 (D. Mass. July 7, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–61 (W.D. Wash. 2025).[2] The Court adopts the exhaustive analyses conducted by these courts. "Because the [IJ's] decision to apply § 1225 and [deny] bond" without conducting a dangerousness and risk of flight determination "rested on an incorrect statutory interpretation," Petitioner's

---

[2] The Court is unable to remain current on all new case authority supporting the Court's conclusion, given the continued onslaught of litigation being generated by Respondents' widespread illegal detention practices. Consequently, this string citation is not exhaustive.

Count I is meritorious, and he is entitled to relief. *Gil-Paulino*, 25-cv-24292 (S.D. Fla. Oct. 10, 2025), ECF 41 at 12.[3]

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mr. Castillo's Petition (DE 1) is **GRANTED IN PART**.[4]

2. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **November 24, 2025**, or otherwise release Petitioner by that time.

3. Respondents shall file a notice with the Court on or before **November 25, 2025** confirming and detailing their compliance with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 21st day of November, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] The Court "declines to reach the merits of Petitioner's . . . [Count II and] due process claim, as it is granting the relief he seeks in Count One." *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); s*ee also Pizarro Reyes*, 2025 WL 2609425, at *8 (same).

[4] The Court will not address Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 in the Petition's prayer for relief. *See* (DE 1 at 20). Should Petitioner wish the Court to consider the request, Petitioner must file a timely motion, which meets all other statutory requirements. *See* § 2412(d).